UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHELDON PAPPAS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 20-2841** |
| **MARQUETTE TRANSPORTATION COMPANY, GULF-INLAND, LLC.** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court is Defendant Marquette Transportation Company Gulf-Inland, LLC's Motion in Limine to Exclude Plaintiff's Economist Expert Randolph Rice (Doc. 13). For the following reasons, the Motion is DENIED.

Plaintiff Sheldon Pappas brings claims for personal injuries that he alleges he sustained while working as a deckhand aboard the M/V ST. PEREGRINE for Defendant Marquette Transportation Company Gulf-Inland, LLC ("Marquette").

The Motion before the Court seeks to exclude expert testimony under Federal Rule of Evidence 702 and the Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*[1] The purpose of a *Daubert* motion is "to ensure that only reliable and relevant expert testimony is presented to the

---

[1] 509 U.S. 579 (1998).

1

jury."[2] Because there is no jury demand in this case, the Court is the trier of fact. The Fifth Circuit has advised that "[m]ost of the safeguards provided for in *Daubert* are not as essential in a case such as this where a district judge sits as the trier of fact in place of a jury."[3] "*Daubert* requires a binary choice—admit or exclude—and a judge in a bench trial should have discretion to admit questionable technical evidence, though of course he must not give it more weight than it deserves."[4]

Thus, because this is a bench trial, "the objectives of *Daubert*, upon which the instant Motion is premised, are no longer implicated and the need for pre-trial rulings on the admissibility of evidence is significantly reduced."[5] Furthermore, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."[6] Accordingly, the *Daubert* Motion is denied at this time, and the Court will rule on the parties' objections to experts as they are raised at trial.

---

[2] Rushing v. Kansas City S. Ry. Co., 185 F.3d 496, 506 (5th Cir. 1999) (superseded by rule on other grounds) (citing *Daubert*, 509 U.S. at 590–93).

[3] Gibbs v. Gibbs, 210 F.3d 491, 500 (5th Cir. 2000).

[4] Deville v. Comar Marine Corp., No. 08-4104, 2009 WL 1870896, at *1 (E.D. La. June 25, 2009) (Barbier, J.) (internal quotations omitted) (quoting SmithKline Beecham Corp. v. Apotex Corp., 247 F. Supp. 2d 1011, 1042 (N.D.Ill. 2003)); *see also* Thompson v. Rowan Cos., No. 06-3218, 2007 WL 724646, at *1 (E.D. La. Mar. 6, 2007) (Barbier, J.); Taylor v. B&J Martin, Inc., No. 18-8941, 2020 WL 1067844, at *2 (E.D. La. Feb. 11, 2020) (Zainey, J.); Tucker v. United States, No. CV 18-4056-WBV-MBN, 2019 WL 4221070, at *2 (E.D. La. Sept. 5, 2019) (Vitter, J.); Stone v. United States, No. CV 15-382, 2017 WL 1927719, at *3 (E.D. La. May 9, 2017) (Morgan, J.).

[5] *Tucker*, 2019 WL 4221070, at *2.

[6] *Daubert*, 509 U.S. at 596.

## **CONCLUSION**

For the foregoing reasons, the Motion is **DENIED**.

New Orleans, Louisiana this 12th day of April, 2022.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**